■ CHARLES J. ANDROMIDAS, Respondent, v NORMAN A. SCHEFER, as Administrator C. T. A. of the Estate of MARVIN L. LINDNER, Deceased, et al., Appellants.—In an action to recover the value of services rendered by plaintiff to the defendants' decedent as a mortgage broker, defendants appeal from a judgment of the Supreme Court, Nassau County, dated August 31, 1977, which, after a nonjury trial, awarded plaintiff the amount of $65,000. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. Plaintiff, a practicing attorney since 1948, represented the decedent, a Long Island real estate developer, in most of his real estate transactions for more than 20 years, until the decedent's death in 1974. Plaintiff now seeks recovery of commissions allegedly earned as a mortgage broker in 1972 as a result of financing which he claims to have procured in connection with a shopping center being built by the decedent. Prior to that transaction he had never acted as a mortgage broker, other than for himself and his associates. At the time the shopping facility was being planned, plaintiff was having his own shopping center built in a nearby area of Suffolk County. Plaintiff solicited the financing for his venture from the Metropolitan Savings Bank through Mr. Bradley Hemingway, its president. Because Mr. Hemingway was unfamiliar with Suffolk County, plaintiff took him on an inspection tour of the site of his proposed shopping center and of possible alternate locations. Thereafter, plaintiff drove Mr. Hemingway to the site of the decedent's proposed shopping center, also in Suffolk County. Mr. Hemingway testified they spent "a couple of hours" in the area of the property the deceased had acquired. Plaintiff had no further contact with Metropolitan relative to the decedent's mortgage. He never met with the deceased and Metropolitan, and he did not participate in any of the negotiations that took place regarding the terms and conditions of the mortgage commitment. There is no evidence that he participated in the preparation of projections or other documents that would normally be utilized in connection with a mortgage application. To the contrary, the deceased personally dealt with Mr. Hemingway and another bank officer in applying for his mortgage commitment. No reference was made to plaintiff as broker in the original or subsequent amended commitment, and no copy of the commitment, original or amended, was sent to plaintiff. Although the

mortgage commitment was issued in April, 1972 and accepted by the decedent in December, 1972, plaintiff never billed the decedent for any services in regard to the mortgage until January, 1975, after the decedent's death. Nor did plaintiff attend either the construction loan closing or the permanent mortgage loan closing. Additionally, the application for the loan proceeds, sworn to by the decedent and attached to the building loan agreement, contained no proposed payment to plaintiff as broker and no part of the loan proceeds was, in fact, processed through plaintiff. Accordingly, we hold that plaintiff failed to meet the burden of proof that he was retained by the decedent to act in the capacity of mortgage broker. During their long professional relationship, plaintiff performed services and received compensation solely as the decedent's attorney. Neither before nor after the instant mortgage application was any claim asserted by plaintiff against the decedent in any other capacity. There is no competent evidence that plaintiff was especially retained by the decedent as a mortgage broker. In fact he had never been so employed by anyone. In our opinion, it is highly unlikely that the parties intended plaintiff's proffered services to be other than incidental to their long-time and ongoing attorney-client relationship. Plaintiff, having chosen to prove his claim for compensation as a mortgage broker and not as an attorney, and having submitted no proof of services performed as an attorney, is bound by his election and, accordingly, his complaint must be dismissed. Mollen, P. J., Martuscello and Latham, JJ., concur; Hopkins and Damiani, JJ., dissent and vote to affirm the judgment.